# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**FRANCES P. SWARTZ,**

     **Plaintiff,**

**v.**                                          **Case No.  8:10-cv-1722-T-30AEP**

**WESTMINISTER SERVICES, INC.,**
**WESTMINSTER COMMUNITIES OF ST.**
**PETERSBURG, PALM SHORES**
**RETIREMENT COMMUNITY, INC.,**
**DOES I THROUGH XX,**

     **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint and Compel Mediation (Dkt. 8) and Plaintiff's Opposition to same (Dkt. 9).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## DISCUSSION

This case arises from a Residency Agreement between Plaintiff and Defendant Palm Shores Retirement Community, Inc. d/b/a Westminster Palms ("Westminster Palms").  The Residency Agreement covered the terms of Plaintiff's residency at the Westminster Palms Retirement Center.  Specifically, Plaintiff paid an entrance fee and monthly service fee to Westminster Palms for the use of an apartment at the Westminster Palms Retirement Center

and the use of the retirement center's facilities.   Plaintiff's claims are premised on Defendants' alleged refusal to allow Plaintiff in the main dining room because she was in a wheelchair.   According to Plaintiff, the Defendants' alleged policy that persons dependent on wheelchairs could not make regular use of the main dining room was not contained in the Residency Agreement.

Defendants move to dismiss the entirety of Plaintiff's complaint, without prejudice, because Plaintiff failed to comply with the negotiated dispute resolution condition contained in the Residency Agreement.   This provision reads as follows:

> Negotiated Dispute Resolution.   In the event of any Dispute, Resident and Corporation shall use their best efforts to settle the Dispute.   To this effect, they shall consult and negotiate with each other in good faith and recognizing their mutual interests, attempt to reach a just and equitable solution satisfactory to both parties.   If a solution is not reached within a period of thirty (30) days, then, upon notice by either party to the other, all Disputes shall be submitted to mediation in accordance with Subsection 2 below.

(Dkt. 1-1).   Defendants argue that Plaintiff failed to comply with the mediation requirement prior to filing this action.

Upon review of this language, the Court agrees that the language is clear that mediation is mandatory upon notice by either party.   The language clearly states that, upon notice by either party to the other, all Disputes "shall be submitted to mediation."   *Id.* Although Plaintiff points out that Defendants never provided her with notice of their intent to mediate, the Court construes Defendants' motion to dismiss as adequate notice of their desire to submit this matter to mediation.

However, the Court does not agree that the failure to submit this dispute to mediation warrants dismissal of Plaintiff's complaint.  The law is clear that when confronted with an objection that a plaintiff has initiated litigation without satisfying arbitration or mediation requirements, courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed-upon dispute resolution mechanism.  *See N-Tron Corp. v. Rockwell Automation, Inc.*, 2010 WL 653760, at *7 (S.D. Ala. Feb. 18, 2010) (*citing Halim v. Great Gatsby's Auction Gallery, Inc.,* 516 F.3d 557, 561 (7th Cir. 2008) ("the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright")).[1]

It is true, of course, that examples in the case law do exist wherein actions have been dismissed for non-compliance with dispute resolution provisions.  *N-Tron Corp.*, 2010 WL 653760, at *7 (citing examples of same).  But that course of action is not mandatory; rather, district courts are vested with discretion to determine whether stay or dismissal is appropriate.  *See Ortega Trujillo v. Conover & Co. Commc'ns, Inc.,* 221 F.3d 1262, 1264

---

[1] *See also Tracfone Wireless, Inc. v. Blue Ocean's Distrib., LLC,* 616 F. Supp. 2d 1284, 1285 (S.D. Fla. 2009) (proper remedy for party's failure to comply with arbitration provision was stay, rather than dismissal); *R & F, LLC v. Brooke Corp.,* 2008 WL 294517, *2 (D. Kan. Jan. 31, 2008) (where plaintiff filed suit despite provision requiring parties to engage in mediation before going to court, proper remedy was to stay the litigation pending mediation); *Scurtu v. Int'l Student Exchange,* 523 F. Supp. 2d 1313, 1328 (S.D. Ala. 2007) (electing to stay, rather than dismiss, plaintiff's claims that were subject to binding arbitration agreement); *RoadTechs, Inc. v. MJ Highway Tech., Ltd.,* 79 F. Supp. 2d 637, 640 (E.D. Va. 2000) ("it is within the district court's discretion whether to dismiss or stay an action after referring it to arbitration"); *Cecala v. Moore,* 982 F. Supp. 609, 613 (N.D. Ill. 1997) ("if the dispute at issue is found to arise out of or relate to the instant contract and so to be within the scope of the mediation clause, then this court concludes that it has the authority to stay the proceedings").

(11th Cir. 2000) ("A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court").

Here, granting a stay to require the parties to negotiate and mediate in good faith concerning Plaintiff's claims is a more appropriate remedy than dismissal without prejudice. Plaintiff claims mediation will cause a delay to the proceedings in this case but the Court concludes that mediation can be coordinated amongst the parties swiftly, with nominal delay to the entirety of the proceedings. In addition, public policy is fostered by enforcing the mediation provision within the Residency Agreement, where the stay, pending mediation, will further the intent of the parties, as evidenced in the Residency Agreement, and foster the possibility for a settlement before the attorneys' fees and costs associated with this litigation grow to a point where the option of settling is rendered futile.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendants' Motion to Dismiss Plaintiff's Complaint and Compel Mediation (Dkt. 8) is hereby GRANTED IN PART AND DENIED IN PART.

2.     The Court hereby STAYS this case pending mediation and this case will be administratively closed pending mediation.

3.     The parties shall submit their dispute to mediation as set forth in the Residency Agreement and the mediation shall be conducted within sixty (60) days from the date of this Order.

4.      The parties shall file a joint status report with the Court advising the Court whether they have resolved their dispute no later than fourteen (14) days from the date of mediation.

**DONE** and **ORDERED** in Tampa, Florida on September 8, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1722.mtdismissFINAL.wpd